# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LEVI RODOLFO FLORES-MONDRAGON,

       Petitioner,

    v.                                     Case No. 1:26-cv-02051 KWR-LF

WARDEN, *Torrance County Detention Facility*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso*,
*U.S. Immigration and Customs Enforcement,*
TODD LYONS, *Acting Director,*
*Immigration and Customs Enforcement,*
TODD BLANCHE, *Acting U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*of Homeland Security*,

       Respondents.

## <u>ORDER GRANTING IN PART HABEAS PETITION</u>

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 2). Petitioner is a noncitizen in ICE detention.  At issue is whether Petitioner should be granted a bond hearing under 8 U.S.C. § 1226(a), or whether he is mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). As explained below, the Court concludes that Petitioner's detention is governed by the discretionary detention provision under § 1226(a) as he is not seeking admission into the United States, and he is entitled to a bond hearing. *See Santillan Quiroz v. Mullin*, No. 26-6019, ---F.4th ---, 2026 WL 1876709 (10th Cir. June 30, 2026). Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is well-taken and therefore is **GRANTED in part.** The Court orders Respondents to hold an individualized bond hearing for Petitioner within **seven (7) days** of the entry of this order.

**BACKGROUND**

Petitioner is a citizen of Mexico in ICE detention at the Torrance County Detention Facility.  Pet. ¶ 10, Doc. 2.  On May 28, 2026, Petitioner was ordered removed to Mexico, and Petitioner timely appealed that decision. *Id.* ¶¶ 16, 17. The appeal remains pending. *Id.* ¶ 18. Petitioner asserts that he has lived in the United State for many years and was arrested by ICE in the United States. *Id.* ¶ 19. He was arrested on or about November 25, 2025. *Id.* ¶ 20.

On December 30, 2025, an immigration judge denied Petitioner's request for custody redetermination and did not make findings regarding dangerousness and flight risk. *Id.* ¶¶ 21-23. The immigration judge concluded that he lacked jurisdiction to conduct a custody redetermination hearing. *Id.* ¶ 24. Thus, Petitioner did not receive an individualized bond hearing. *Id.* ¶¶ 25-26.

Petitioner asserts that he is detained under 8 U.S.C. § 1226(a) and is entitled to an individualized bond hearing. Petitioner requests an individualized bond hearing under § 1226(a).

On September 5, 2025, the Board of Immigration Appeals issued a decision holding that immigration judges lack authority or jurisdiction to consider bond requests for any person who entered the United States without admission. *Matter of Yajure Hurtado,* 29 I & N Dec. 216 (BIA 2025) ("Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission."). In sum, it appears that Petitioner has remained in federal immigration custody without an opportunity to have a bond hearing because his detention has been classified as mandatory under 8 U.S.C. § 1225(b).

Respondents assert that Petitioner is mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). However, they acknowledge that this case is governed by *Santillan Quiroz v. Mullin*, No. 26-6019, ---F.4th ---, 2026 WL 1876709 (10th Cir. June 30, 2026), and under this precedent Petitioner is

instead entitled to a bond hearing under 8 U.S.C. § 1226(a). Nevertheless, they oppose the issuance of a writ.

## LEGAL STANDARD

Petitioner seeks release from detention under a habeas statute, 28 U.S.C. § 2241. The Constitution guarantees that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

## DISCUSSION

**I.** **The discretionary detention provision under 8 U.S.C. § 1226(a) applies to Petitioner, rather than the mandatory detention provision under 8 U.S.C. § 1225(b)(2)(A).**

Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a) as he has been present in the United States for years and is not seeking admission into the United States. Mandatory detention under § 1225(b)(2)(A) only applies to noncitizens "seeking admission" into the United States. Despite this statutory language, Respondents in other cases have argued that the mandatory detention provision under § 1225(b)(2)(A) applies here, as that provision covers not only those who present themselves at the border, but any noncitizen who is present in the United States without admission, pending a decision on removal. *See, e.g., Matter of Yajure Hurtado,* 29 I & N Dec. 216 (BIA 2025) ("Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission."). Here, Petitioner was detained

while present in the United States. He lived in the United States for years prior to his detention, and Respondents do not assert that he was detained at the border or detained while attempting to enter the United States. As the Tenth Circuit has concluded (and as this court has repeatedly explained in prior opinions), the statutory phrase "seeking admission" cannot be interpreted to apply to Petitioner, who has lived in the United States for years. *Santillan Quiroz v. Mullin*, No. 26-6019, ---F.4th ---, 2026 WL 1876709 (10th Cir. June 30, 2026); *see also Barry v. Lyons*, No. 1:26-CV-00504-KWR-KRS, 2026 WL 926218, at *2-5 (D.N.M. Apr. 6, 2026); *Abdikadir v. Mullin,* No. 1:26-CV-00634 KWR-JMR, 2026 WL 895661, at *2-6 (D.N.M. Apr. 1, 2026). Therefore, Petitioner is entitled to a bond hearing under § 1226(a).[1]

## II.    The Court finds that a bond hearing is an appropriate remedy.

Petitioner asserts that he should receive a bond hearing as a remedy, and he does not expressly request release. Accordingly, the Court finds that an appropriate remedy is an individualized bond hearing pursuant to § 1226(a). If Respondents fail to provide an individualized bond hearing within seven days of the entry of this order, they shall release Petitioner.

### CONCLUSION

The Court concludes that Petitioner's detention pending a decision on whether he should be removed from the United States is governed by § 1226(a) as opposed to § 1225(b)(2)(A). Accordingly, the Petition (Doc. 2) is granted in part. Respondents are directed to arrange an individualized bond hearing pursuant to § 1226(a) for Petitioner before an immigration judge within **seven (7) days** of the entry of this Order. **Respondents shall not deny Petitioner bond or parole on the basis that § 1225(b) requires mandatory detention.** If Respondents do not provide

---

[1] Respondents do not argue that Petitioner was paroled into the United States under 8 U.S.C. § 1182(d)(5)(A), state that his parole was revoked, or argue that upon the revocation of his parole he was returned to his custody status at the border.

4

him an individualized bond hearing in seven days, they shall release him. *See Santillan Quiroz v. Mullin*, No. 26-6019, ---F.4th ---, 2026 WL 1876709, at *17 n.13 (10th Cir. June 30, 2026) (directing the district court on remand to "order the Government to, within seven days of such order, either provide him with a bond hearing or else release him.").[2] However, the Court makes no determination whether or when in the future § 1231 applies to his detention, as it was not briefed or raised in the Petition. The Court will enter a separate judgment.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 2) is hereby **GRANTED in part** for the reasons described in this Order.

**IT IS FURTHER ORDERED** that Respondents shall provide an individualized bond hearing before an immigration judge for Petitioner pursuant to § 1226(a), as opposed to § 1225(b), within **seven (7) days** of the entry of this order, provided that the Court makes no determination whether or when in the future § 1231 detention provisions may apply. If Respondents do not provide an individualized bond hearing within seven days of the entry of this order, they shall release him.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

---

[2] However, if Petitioner requests an extension of time to hold the bond hearing, that extension will not be held against the Respondents.